IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INS. ) | |
| CO. OF PITTSBURGH, PA., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  2:03cv878-C |
| ) | WO |
| BILL G. CAVINS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION and MEMORANDUM OPINION**

In this case, National Union Fire Insurance Company of Pittsburgh ("National Union") seeks indemnification and reimbursement from defendants Bill and Virginia Cavins ("Cavins") and Progressive Systems, Inc. ("Progressive") for costs incurred as a result of settling 91 underlying state court claims against its insured, The Kirby Company ("Kirby"). National Union contends that it is due indemnification in the amount of $748,462.75 in defense costs and $830,550.00 in indemnity costs to defend and settle the underlying state court claims. National Union seeks a judgment in the amount of $1,579,012.75.

The court has jurisdiction of this action pursuant to its diversity jurisdiction. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Now pending before the court is National Union's motion for summary judgment (doc. # 23) and motion to strike the defendants' response to the motion for summary

judgment (doc. # 33). The plaintiffs have responded to the motion for summary judgment, and on March 11, 2005, the court heard oral argument on the motion. For the reasons that follow, the court concludes that the motions are due to be denied.

## II. THE SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of

---

[1] In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the court stated:

> "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial...We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . .

*Id.* at 324.

proof. *Id.* at 322-324. If the movant succeeds in demonstrating the absence of a material issue of fact and entitlement to judgment as a matter of law, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine issue material to the non-movant's case exists. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993); *see also* FED. R. CIV. P. 56(e). ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). What is material is determined by the substantive law applicable to the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact "is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir. 1997); *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995). However, if there is a conflict in the evidence, "the [plaintiff's] evidence is to be believed and all reasonable inferences must be drawn in his favor." *Anderson*, 477 U.S. at 255; *Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000). After the nonmoving party has responded to the motion for summary judgment, the court

must grant summary judgment if there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law  FED. R. CIV. P. 56(c).  With these principles of law in mind, the court will determine now whether summary judgment is appropriate and should be granted.

### III.  FACTS[2]

On September 29, 1988, defendant Bill Cavins entered into a "Distributor Agreement" with Kirby.  (Stipulations contained in Proposed Pretrial Order at p 8, ¶ 5).  The agreement described Cavins as "an independent contractor authorized to distribute Kirby products." (*Id*.)  The agreement also contained the following indemnification provision.

> 19(b) *Distributor's Indemnification*.  Distributor shall indemnify the Company, its employees, agents and servants and hold the Company and its said employees, agents and servants harmless from any and all liability, damage or expense incurred by it in connection with any claim, demand or suit based on Distributor's acts or omissions, including alleged negligence; provided, however, that the Company shall (1) give Distributor prompt written notice of any such claim, demand or suit, and (2) provide Distributor with every reasonable assistance which the Distributor may request in resisting such claim, demand or suit.  The foregoing indemnification shall not apply is the Company is found guilty of any negligence, misconduct or wrongdoing in connection with any such claim, demand or suit.

(*Id*.)

In 1996, Bill Cavins assigned the distributor agreement to Progressive, a corporation he owned with his wife, Virginia, so that the Cavins, Progressive and their agents could sell Kirby vacuum cleaners, accessories and supplies.  (*Id*.)  Sometime thereafter, many of the

---

[2] The parties have stipulated to some of the following facts, and the court construes the other facts in a light most favorable to the defendants.

defendants' clients made claims and filed suit in state courts against them and Kirby as a result of the defendants' financing practices on Kirby products.[3] (*Id*.) The underlying state court actions included claims of fraud, negligence, wantonness, misrepresentation, and conspiracy to defraud. (*Id*.) National Union defended Kirby in the underlying actions. (*Id*.)

Kirby subsequently settled 91 lawsuits for a total of $830,550.00. (Pl's Ex. F attached to Mot. for Summ. J., Affidavit of Bill Daniels, at p. 2, ¶3.) National Union also incurred $748,462.75 in attorney's fees while defending Kirby. (*Id*. at ¶ 5). On March 29, 1999, Kirby demanded indemnification from the defendants. (Pl's Ex. E attached to Mot. for Summ. J.) On April 12, 1999, the defendants' insurance carrier, Colorado Casualty, declined indemnity to Kirby, pending further investigation. (*Id*.)

National Union filed this breach of contract action on August 25, 2003.

## IV.  DISCUSSION

### A.  Motion to Strike Affidavits

Before addressing National Union's summary judgment motion, the court addresses its motion to strike (doc. # 33). National Union argues that the affidavits of Wally Pelto, Bill Cavins and Spence Singleton should be stricken as these affidavits contain inadmissible hearsay, speculation, conjecture and conclusions. In addition, National Union argues that Cavin's affidavit is self-serving and contradicts his prior testimony. The court is capable of

---

[3] The plaintiffs in the underlying state court actions claimed that the defendants led them to believe that they could pay off the accounts in a specified period of time by paying the suggested payment. However, because high interest rates were attached to the accounts, the plaintiffs' debts continued to rise, despite making the monthly payments.

sifting through the affidavits and considering only those portions which are either based on the declarant's personal knowledge or are not being offered for the truth of the matter asserted. *See* FED. R. CIV. P 56. To the extent that the affidavits contain information not based on personal knowledge or contain inadmissible hearsay, conjecture and speculation, the court has not considered that material in resolving the motion for summary judgment. Accordingly, the motion to strike will be denied.

### B.  Choice of Law

The court must first determine the applicable state law that governs National Union's claim. Throughout its brief, National Union argued Alabama law. The defendants, on the other hand, assert that Ohio law applies to this contract claim. A federal court sitting in diversity applies state substantive law and federal procedural law. *See Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938). Alabama applies the traditional doctrines of lex loci contractus to contract claims and lex loci delicti to tort claims. The doctrine of lex loci contractus governs the validity, interpretation, and construction of the contract. *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala.1991). The doctrine states that "a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Id.* It is undisputed that the distributor agreement at issue contains a choice of law provision which governs and applies Ohio law to this action.

> 19.   *Applicable Law*.   This Agreement shall be construed under and governed by the law of the State of Ohio. . . .

(Pl's Ex. A attached to Mot. for Summ. J. at p. 7, ¶ 19.). The parties do not challenge the applicability of this provision. Consequently, the court concludes that Ohio law applies to National Union's contract claim.

### C. Indemnification Clause

The parties argue that the sole issue before the court is whether National Union is entitled to indemnification from the defendants under the Distributor Agreement. Both parties assert that the crux of National Union's claim resides in one sentence contained in the indemnification clause.

> The foregoing indemnification shall not apply if the Company is found guilty of any negligence, misconduct or wrongdoing in connection with any such claim, demand or suit.

According to National Union, it has not been found guilty of any negligence, misconduct or wrongdoing, and consequently, it is entitled to judgment as a matter of law. The defendants, on the other hand, assert that because the terms "found guilty," "misconduct," "wrongdoing," and "in connection with," are susceptible to multiple interpretations, summary judgment is inappropriate.

Unfortunately, the parties fail to identify the precise, determinative issue in this case.[4] Because National Union settled the underlying state court claims, it is insufficient to merely assert that it is now entitled to indemnification. The law in Ohio is well-established that

---

[4] After attempting to decipher the sweeping generalizations raised by the defendants in response to the motion the summary judgment, the court is compelled to observe that in "presenting arguments to busy trial courts, subtlety is no virtue," *United States v. Reyes Vasquez*, 905 F.2d 1497, 1499 (11th Cir. 1990). Moreover, the failure of the parties to properly identify the issue and applicable law in this case prompts the court to note that both clarity and preparation are virtues which should be sought by all advocates.

additional factual predicates are necessary when deciding indemnification based upon a settlement.

> Additional prerequisites for indemnity exist where a claim is not litigated but settled. In order to collect indemnity for sums paid in settlement of a claim, the party seeking indemnity must prove that the party from whom indemnity is claimed received proper and timely notice of the settlement, that legal liability required the settlement, and that the settlement effected was fair and reasonable.

*Convention Center Inn, LTD v. Dow Chemical Co.* 70 Ohio App. 3d 243, 247, 590 N.E.2d 898, 900 (Ohio App. 8 Dist. 1990) *quoting Globe Indemnity Co. v. Schmitt*, 142 Ohio St. 595, 604 , 53 N.E.2d 790, 794 (Ohio 1944). *See also Blair v. Mann*, 1999 WL 228265, *2 (Ohio App. 4 Dist. 1999) (No. 98CA35); *Ozko, Inc. v. Isaacon Construction, Inc.*, 1995 WL 678548 , *4 (Ohio Ap.. 9 Dist. 1995) (C.A. No. 17078); *Jones v. Bank One*, 1998 WL 892245, *2 (Ohio App. 1 Dist., 1998) (No. C-980097); *LoPresti v. TransOhio Savings Bank*, 1992 WL 126033, *5 (Ohio App. 8 Dist. 1992) (No. 60667).

The party moving for summary judgment always bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. Consequently, National Union must demonstrate that there are no disputed issues of material fact regarding the requisite elements of its claim. Specifically, National Union must establish that proper and timely notice of the settlements was given to the defendants of underlying settlements; that Kirby could have been held liable in the underlying lawsuits[5]; and that the settlements were reasonable and fair. *Glove, surpa; Blair, supra*.

---

[5] "[M]ost Ohio courts have interpreted the *Globe* syllabus to require the indemnitee to show that he was legally liable and could have been compelled to satisfy the claim." *Blair*, 1991 WL 228265 at *3.

In support of its motion for summary judgment, National Union relies on the affidavits of Mike Nichols, Controller for Kirby, and Bill Daniels, counsel for Kirby in the underlying state court actions, to assert that

> Kirby settled 90 of the lawsuits against it consisting of the claims of 150 individuals. These settlements were reasonable, ranging from $2,500 to $4,950 each, and entered into in good faith."

*See* Mot. for Summ. J. at 5. *See also* Ex. D, Aff. Mike Nichols at 3; Ex. F, Aff. Bill Daniels, at ¶ 3, p. 2. First, this assertion, with no attendant facts, is simply insufficient to demonstrate that the underlying settlements were reasonable and fair. Merely asserting that the settlements were reasonable, without pointing the court to any facts to support this conclusory statement, is insufficient to establish the third *Globe* prerequisite. The burden is on National Life to present facts in support of its position. Next, although National Union notified the defendants that it was invoking the indemnification provision in the distributor agreement, *see* Ex. E, National Union presents no evidence that the defendants were properly and timely notified of the settlements. Finally, National Union has presented no facts from which the court could conclude that Kirby was legally liable in the underlying state lawsuits. In fact, Kirby has consistently denied liability in those state cases. National Union has failed to demonstrate that it is entitled to judgment as a matter of law because it has failed to present any facts regarding whether the defendants received timely and proper notice of the settlements; whether Kirby was legally liable in the underlying lawsuits; and whether the underlying settlements were reasonable and fair as required by Ohio law. Consequently, the court concludes that because National Union has failed to meet its burden of demonstrating

9

each element of its claim, its motion for summary judgment is due to be denied.[6]

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that National Union's motion to strike (doc. # 33) and motion for summary judgment (doc. # 23) be and are hereby DENIED. It is further

ORDERED that this case be and is hereby SET for a scheduling and status conference at 3:00 p.m. on June 6, 2005, in Courtroom 4B, United States Courthouse Complex, One Church Street, Montgomery, Alabama.

Done this 23rd day of May, 2005.

                                        /s/Charles S. Coody
                                  CHARLES S. COODY
                                  CHIEF UNITED STATES MAGISTRATE JUDGE

---

[6] To the extent that the defendants argue that National Life is not entitled to indemnification because there is no right to indemnification among joint tortfeasors, they are entitled to no relief on this basis. At oral argument, the defendants relied on Ohio Code §2307.25 to assert that National Union is not entitled to contribution under Ohio law either. This argument is unavailing because the doctrine of joint and several liability under both Alabama and Ohio law applies only to tort claims, not contract claims.