IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA.,

Plaintiff,

v.

VIRGINIA CAVINS and PROGRESSIVE SYSTEMS, INC.,

Defendants.

CIVIL ACTION NO. 2:03cv878-CSC (WO)

**ORDER**

Now pending before the court is the defendants' motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(5) and (6) (doc. # 83). Upon consideration of the motion, the court concludes that it should be denied.

Some procedural history of this case is critical to the resolution of the defendants' motion. On September 29, 1988, defendant Bill Cavins entered into a "Distributor Agreement" with Kirby that included an indemnification provision. In 1996, Bill Cavins assigned the distributor agreement to Progressive, a corporation he owned with his wife, Virginia, so that the Cavins, Progressive and their agents could sell Kirby vacuum cleaners, accessories and supplies. Sometime thereafter, many of the defendants' clients made claims and filed suit in state courts against Progressive, the Cavins and Kirby challenging their

financing practices on Kirby products.[1] National Union defended Kirby in the underlying actions and Colorado Casualty represented the Cavins and Progressive.

Kirby subsequently settled 91 lawsuits and National Union incurred $748,462.75 in attorney's fees while defending Kirby. Kirby previously demanded indemnification from the defendants' insurance carrier, Colorado Casualty. Colorado Casualty declined indemnity to Kirby pending further investigation.

National Union filed a breach of contract action in this court on August 25, 2003 seeking indemnification and reimbursement from the Cavins and Progressive for the costs incurred as a result of settling the state court claims against its insured, Kirby.[2] National Union sought indemnification in the amount of $748,462.75 in defense costs and $830,550.00 in indemnity costs.

After National Union conceded that it could not meet its burden of proof regarding the underlying settlements in accordance with *Glove Indemnity Co. v. Schmitt*, 53 N.E.2d 790, 794 (Ohio 1944),[3] the court concluded that National Union was not entitled to recoup its settlement costs in the amount. *See Mem. Opinion and Order,* doc. # 65. Nonetheless, National Union argued that, pursuant to the indemnification agreement, it was entitled to

---

[1] The plaintiffs in the underlying state court actions claimed that the defendants led them to believe that they could pay off the accounts in a specified period of time by paying the suggested payment. However, because high interest rates were attached to the accounts, the plaintiffs' debts continued to rise, despite making the monthly payments.

[2] Kirby assigned its right to pursue indemnity under the Distributor Agreement to National Union.

[3] The distributor agreement specified that it would be governed by Ohio law.

recoup $748,462.75 in attorney fees incurred in the defense of the underlying state court actions. The court agreed and, on May 25, 2006, entered judgment in favor of National Union and against the defendants and awarded National Union $748,462.75 in attorney fees pursuant to the indemnity agreement. *Id*. at docs. 70 & 71.

On appeal, the Eleventh Circuit reversed the judgment as to Bill Cavins who was the only defendant to perfect an appeal. *See Nat'l Union Fire Ins. Co. v. Cavins*, No. 16-13361 slip op. at 1 (11th Cir. Mar. 19, 2007). The court specifically concluded that because neither Virginia Cavins nor Progressive were named in the notice of appeal, they were not proper parties to the appeal. *Id*. at 2-3.

The court next determined that, under Ohio law, "National Union was not entitled to indemnification for the attorney's fees incurred in the state court litigation that settled." The court reversed the judgment with respect to Bill Cavins as the only party to the appeal. *Id*. at 900.

Virginia Cavins and Progressive filed their motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(5) and (6) on July 12, 2007.[4] (Doc. # 83). Relying on *California*

---

[4] Rule 60(b) provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b)(5) and (6).

*Med. Assoc. v. Shalala*, 207 F.3d 575 (9th Cir. 2000), the defendants argue National Union's judgment against Virginia Cavins and Progressive should not be allowed to stand because the Eleventh Circuit ruled on the 'merits' of their claim by reversing the judgment against Bill Cavins. In *Shalala*, the court decided whether a party who had paid attorney's fees to a prevailing party pursuant to 42 U.S.C. § 1988 could utilize FED. R. CIV. P. 60(b)(5) to petition for relief from the fee award after the underlying merits judgment was reversed. *Shalala*, 207 F.3d at 576. The defendants' reliance on *Shalala*, *supra*, is misplaced. National Union's judgment against Virginia Cavins and Progressive is not an award of attorney's fees as a prevailing party but the result of a contractual obligation under the indemnity agreement. Consequently, *Shalala* avails them nothing.

The law is well established that "[a] party may not use Rule 60 as a substitute for a timely and properly appeal." *Parks v. U.S. Life and Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982) *citing Ackermann v. United States*, 340 U.S. 193 (1950). *See also Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127, 1128 (5th Cir. 1975) ("The well-recognized rule, however, . . . precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal.").[5] It is clear that the defendants are attempting to use Rule 60(b) to circumvent their failure to properly appeal the initial judgment, which this court will not permit.

---

[5] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> For whatever reason, [the defendants] chose not to appeal at the time of the initial judgment and now seek[] to use Rule 60(b) as a substitute for appeal after others had sought a ruling . . . An unsuccessful litigant may not rely on appeals by others and share in the fruits of victory by way of a Rule 60(b) motion. *Ackermann, supra*; *Annat [v. Beard,* 277 F.2d 554 (5th Cir. 1960)]; *Oliver v. Monsanto Co.,* 56 F.R.D. 370 (S.D. Texas 1972), *aff'd*, 487 F.2d 514 (5th Cir. 1973).

*Parks*, 677 F.2d at 840-41. As evidenced by Bill Cavins' successful appeal, the defendants could have raised their claims on direct appeal, but they did not. Consequently, they cannot now use Rule 60(b) to avoid the consequences of their failure to perfect an appeal.

> "A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." *Vanderberg v. Donaldson,* 259 F.3d 1321, 1326 (11th Cir. 2001). "An appeal of a ruling on a Rule 60(b) motion, however, is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review. Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *Am. Bankers Ins. Co. of Florida v. Nw. Nat'l Ins. Co.,* 198 F.3d 1332, 1338 (11th Cir. 1999) (citations omitted).

*Sherrod v. Palm Beach County School Dist*. 2007 WL 1501045, *2 (11th Cir., 2007).

Although the defendants do not seek relief pursuant to Rule 60(b)(1), a review of their motion reveals that it is more properly construed as a motion for relief from judgment pursuant to Rule 60(b)(1) because the defendants argue that the court misapplied Ohio law to the facts of this case. *See Defs' Mot. for Relief*, at 3-4, doc. # 83. "Rule 60(b)(1) "encompasses mistakes in the application of the law[,]" including judicial mistakes." *United States v. One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars and Thirty-Two Cents ($1,449,473.32) in United States Currency*, 152 Fed. Appx.

911, 912 (11th Cir. 2005). Rule 60(b) contains a time restriction for filing a motion for relief from judgment pursuant to Rule 60(b)(1), (2) or (3). "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60( b). Judgment was entered in this case on May 25, 2006. *See* Docs. # 70& 71. The appellate court's opinion was issued on March 19, 2007, and the mandate was issued on May 2, 2007. *See* Doc. # 79 & 80. The defendants filed their Rule 60(b) motion on July 12, 2007. "Claims under Rule 60(b)(1) are required to be brought within one year from the district court's judgment." *One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars and Thirty-Two Cents ($1,449,473.32) in United States Currency*, 152 Fed. Appx. at 912. Because their Rule 60(b)(1) motion was filed more than a year after the final judgment was issued, the motion is now time barred.

To the extent that the defendants argue that their motion should be granted pursuant to FED. R. CIV. P. 60(b)(6), "[f]ederal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." *Rease v. AT&T Corp.*, 2007 WL 1600038, *1 (11th Cir., 2007) *citing Frederick v. Kirby Tankships, Inc.,* 205 F.3d 1277, 1288 (11th Cir. 2000). The defendants have failed to present "extraordinary circumstances" warranting Rule 60(b)(6) relief. Furthermore, "60(b)(1) and (b)(6) are mutually exclusive. Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *One Million Four Hundred Forty-Nine Thousand Four Hundred Seventy-Three Dollars and*

*Thirty-Two Cents ($1,449,473.32) in United States Currency*, 152 Fed. Appx. at 912 *quoting Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the defendants' motion for relief from judgment pursuant to FED. R. CIV. P. 60 (doc. # 83) be and is hereby DENIED.

Done this 11th day of September 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE